# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| AUBREY FONTENOT, JR., individually, and as administrator of the ESTATE OF AUBREY FONTENOT, SR., <br><br> *Plaintiff,* <br><br> v. <br><br> HARRIS COUNTY, UNKNOWN DEPUTY CONSTABLE NO. 1, in his individual capacity, UNKNOWN DEPUTY CONSTABLE NO. 2, in his individual capacity, UNKNOWN DEPUTY CONSTABLE NO. 3, in his individual capacity, CONSTABLE MARK HERMAN, in his individual capacity, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:24-cv-03070 |

## DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS

Harris County files this motion to dismiss under Rule 12 (b)(6) and will show the court the following:

# TABLE OF CONTENTS

I. Statement Of The Nature and Stage of Proceedings ..................................................................... 1
    1. Satement of Issue ............................................................................................................... 1
II. Statement of Issues, Summary of Argument and Standard of Review ....................... 1
III. Standard Of Review .................................................................................................................. 2
IV. Argument ...................................................................................................................................... 2
    A. PLAINTIFF'S § 1983 *MONELL* CLAIMS MUST BE DISMISSED ............................ 2
V. CONCLUSION .............................................................................................................................. 7

# Table of Authorities

Page(s)

Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 2
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 2
*City of Newport v. Fact Concerts, Inc.*,
   453 U.S. 247 (1981) ............................................................................................................. 6
*Conner v. Travis Cnty.*,
   209 F.3d 794 (5th Cir. 2000) ............................................................................................ 2
*Connick v. Thompson*,
   -- U.S. --, 131 S. Ct. 1350 (2011) ............................................................................... 4, 5
*Duffie v. United States*,
   600 F.3d 362 (5th Cir. 2010) ............................................................................................ 5
*Kitchen v. Dallas Cty., Tex.*,
   759 F.3d 468 (5th Cir. 2014) ............................................................................................ 5
*Pena v. City of Rio Grande City*,
   879 F.3d 613 (5th Cir. 2018) ............................................................................................ 3
*Peterson v. City of Fort Worth*,
   588 F.3d 838 (5th Cir. 2009) ................................................................................. 2, 3, 5
*Prince v. Curry*,
   2010 WL 1062611 (N.D. Tex. 2010) ........................................................................... 3
*Ratliff v. Aransas Cty.*,
   948 F.3d 281 (5th Cir., 2020) ........................................................................................... 3
*Robinson v. Hunt County, Tex.*,
   921 F.3d 440 (5th Cir. 2019) ............................................................................................ 6

*Spiller v. City of Tex. City, Police Dep't*,
  130 F.3d 162 (5th Cir. 1997) ..................................................................................... 3
*Thompson v. Upshur Cty, Tx*,
  245 F. 3d 447 (5th Cir. 2001) ................................................................................ 4, 5
*Univ. of Tex. Med. Branch v. York*,
  871 S.W.2d 175 (Tex. 1994) ...................................................................................... 6
*Valle v. City of Houston*,
  613 F.3d 536 (5th Cir. 2010) ..................................................................................... 3
*Wallace v. Texas Tech University,*
  80 F.3d 1042 (5th Cir. 1996) ..................................................................................... 5

Statutes

42 U.S.C. § 1983 ......................................................................................................... 2, 4
section 101.021 of the Texas Civil Practice and Remedies Code ..................................... 6
Tex. Civ. Prac. & Rem. Code § 101.057 ........................................................................... 6

Rules

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 2

# I. Statement Of The Nature and Stage of Proceedings

1. This lawsuit stems from a deadly force encounter by Aubrey Fontenot, Sr. ("Decedent") on August 22, 2022 with Harris County Constable deputies. Plaintiff has alleged that Harris County and the unnamed individual defendant deputies violated Decedent's Fourth and Fourteenth Amendment rights (Complaint, Doc #1).

2. Harris County now respectfully moves this Court to dismiss all claims against it.

# II. Statement of Issues, Summary of Argument and Standard of Review

## 1. Statement of Issue

3. The issue to be ruled upon by the Court is whether or not Plaintiff failed to state a claim upon which relief can be granted against Harris County under the Fourth and Fourteenth Amendment.

4. Harris County moves to dismiss all of Plaintiff's claims because they are not sufficiently pled. Plaintiff's § 1983 *Monell* claims must be dismissed because Plaintiff has not sufficiently alleged an underlying constitutional violation or a policy or custom for municipal liability. Plaintiff also has not pled a pattern of similar, specific, and numerous prior incidents required to state a the moving force for a *Monell* claim for municipal liability. Plaintiff instead attempts to manufacture a pattern by citing to archaic reports, materials, allegations and other incidents that do not involve similar factual scenarios and are entirely irrelevant to the claims and incidents at issue in this case.

5. Relatedly, Plaintiff also fails to state a § 1983 *Monell* claim based on failure to train or supervise. This claim must be dismissed because (1) Plaintiff has not alleged any facts that would show Harris County's training program is constitutionally defective or that any

particular deficiency with the training program is causally connected to each Plaintiff's alleged injuries; (2) Plaintiff has failed to demonstrate a pattern of similar and specific violations, and (3) Plaintiff has only made conclusory allegations as to whether the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation.

### III. Standard Of Review

6. Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of complaints when they fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### IV. Argument

**A. PLAINTIFF'S § 1983 *MONELL* CLAIMS MUST BE DISMISSED.**

7. It is well-established that a municipality is not liable under § 1983 on the theory of respondeat superior. *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Counties therefore are not liable for constitutional violations committed by county employees unless those violations result directly from a municipal custom or policy. *Conner v. Travis Cnty.*, 209 F.3d 794, 796 (5th Cir. 2000). To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must show that (1) an official policy (2) promulgated

by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Peterson*, 588 F.3d at 847.

8. **No Moving Force**. The allegations of [an official county] policy and its relationship to the underlying constitutional violation cannot be conclusory but must contain specific facts." *Prince v. Curry*, 2010 WL 1062611 at *3 (N.D. Tex. 2010); *Ratliff v. Aransas Cty.,* 948 F.3d 281, 285 (5th Cir., 2020) (must do more than describe the incident that gave rise to an injury). A "but for" connection to the deprivation of rights is not sufficient to satisfy the causation element. *See, e.g. Valle v. City of Houston*, 613 F.3d 536, 546 (5th Cir. 2010) ("…causation must be more than a mere 'but for' coupling between cause and effect). "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation... cannot be conclusory; it must contain specific facts.'" *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). The alleged policy also must be causally connected to the plaintiff's claim and injuries. *Id.* (affirming dismissal of *Monell* claim and ruling that "[b]ecause the written policy that [plaintiff] identifies is causally irrelevant, it cannot demonstrate the persistent practice she alleges"). Here the crux of Plaintiff's allegations against Harris County are contained in paragraph 51 of the Complaint.

> 51. Said policies, customs and practices include the following:

a. Defendant Harris County's policy or custom of failing to properly train its deputy constables regarding what constitutes probable cause warranting the use of deadly force;
b. Defendant Harris County's policy or custom of allowing deputy constables and deputy sheriffs to mispresent facts in a criminal investigation for personal gain;
c. Defendant Harris County's policy of custom of allowing deputy constables to violate policies related to criminal investigations and collection/reporting of evidence;
d. Defendant Harris County's policy or custom of allowing deputy constables to engage in in race-based policing, specifically by disproportionately targeting black people with the use of unwarranted deadly force;
e. Defendant Harris County's written policies that encourage deputy constables and deputy sheriffs to manipulate investigations and the presentation of evidence after using unwarranted deadly force to exculpate its officers from criminal and civil liability.

These alleged policies are pure boilerplate and tend to exculpate Harris County to the extent they allege that deputies violated policies of the County.

9. **Training.** With respect to the failure to train, the Complaint fails to allege a plausible claim. Courts have recognized that, under limited circumstances, the failure to train or to supervise employees may give rise to County liability under § 1983. *Connick v. Thompson*, -- U.S. --, 131 S. Ct. 1350, 1359 (2011); *Thompson v. Upshur Cty, Tx*, 245 F. 3d 447, 459 (5th Cir. 2001). In such cases, a County may be held liable only when its actions amount to deliberate indifference to the constitutional rights of those citizens with whom the untrained or unsupervised employees come into contact. *Id*. Courts have repeatedly emphasized how very high the standard of proof is to impute liability in these cases. *See*, *e.g.*, *Connick*, 131 S. Ct. at 1360.

10. Typically, a plaintiff can prove deliberate indifference only through evidence of a pattern of violations caused by the lack of training or supervision. *See Connick*, 131 S. Ct.

at 1360; *Thompson*, 245 F.3d at 459. The factfinder simply cannot infer a policy of authorizing misconduct from a single incident except in "a narrow range of circumstances where a constitutional violation would result as the highly predictable consequence of a particular failure to train." *Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468 (5th Cir. 2014) (quoting *Connick*, 131 S. Ct. at 1361); *see also Thompson*, 245 F.3d at 459. "Without notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 131 S. Ct. at 1360. Plaintiff has failed to show a pattern of similarly and specific violations. *See Peterson v. Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) ("a pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question");

11. Plaintiff has not alleged any facts of any inadequate training procedures or that any specific alleged inadequate training caused a constitutional violation. Plaintiff makes only conclusory allegations with regard to the deputies' training.

12. Plaintiff has failed to set forth facts that Harris County was "deliberately indifferent" and had an official policy, practice or custom that caused a violation of Plaintiff's constitutional rights. Plaintiff's burden of proof is not satisfied by a mere showing of "some metaphysical doubt as to the material facts" or by "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010), *cert. denied*, --- U.S. ---, 131 S.Ct. 355 (2010); *Wallace v. Texas Tech University,* 80 F.3d 1042, 1047 (5th Cir. 1996).

13. **Wrongful Death/Survival Claims**. Plaintiff alleges against Harris County a wrongful death and survival claim arising under Texas law. The County is entitled to dismissal of this claim because it enjoys governmental immunity as to any intentional torts, and the acts that Plaintiff alleges unnamed deputies intentionally engaged in the deadly force encounter, an intentional tort under Texas law. Unless specifically waived by clear and unambiguous language, a municipality enjoys sovereign immunity. *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994). It is undisputed, as Plaintiff pleads, that Harris County is a governmental entity. The limited waiver of the County's sovereign immunity granted by section 101.021 of the Texas Civil Practice and Remedies Code, the Texas Tort Claims Act ("TTCA") is itself limited by section 101.057, which excludes from that limited waiver of immunity any claim "arising out of assault, battery, false imprisonment, or any other intentional tort." See Tex. Civ. Prac. & Rem. Code § 101.057 ("The chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort, . . . ."). In this case Plaintiff alleges the deputies intentionally acted. See paragraphs 39 and 41 of the Complaint. Because the County enjoys governmental immunity from suit as to Plaintiff's claims arising from any intentional torts, and the Court must dismiss those claim.

14. **No punitive damages**. Plaintiff globally seeks punitive damages against all of the defendants [Doc. #1, ¶69 ]. Plaintiff is not entitled to punitive damages from Harris County because Harris County is immune. *See Robinson v. Hunt County, Tex.,* 921 F.3d 440, n.6 (5th Cir. 2019) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)). Therefore, Plaintiff's claims for punitive damages fail as a matter of law and dismissal

should be with prejudice.

## V. CONCLUSION

15. Harris County respectfully requests that the Court grant its Motion to Dismiss, dismiss all of Plaintiff's claims in this lawsuit, award Harris County all of its costs, and grant Harris County all further relief to which it is justly entitled at law or in equity.

Date: September 10, 2024.	Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL
ESTATE DIVISIONS

By:	*/s/ James C. Butt*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**CHARLES SHAW**
Assistant County Attorney
ATTORNEY-TO BE NOTICED
State Bar No. 24085951
Fed. Bar No. 3193599
Tel: (713) 274-3068 (direct)
charles.shaw@harriscountytx.gov

OFFICE OF THE HARRIS COUNTY
ATTORNEY
1019 Congress
Houston, Texas 77002
Phone: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Plaintiff's counsel on September 10, 2024 at 8:48 a.m. via telephone on the issue of this motion. It is understood Plaintiff opposes the relief sought.

*/s/ James Butt*
James Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

*/s/ James Butt*
James Butt