# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| AUBREY FONTENOT, JR., individually, and as administrator of the ESTATE OF AUBREY FONTENOT, SR., <br><br> *Plaintiff,* <br><br> v. <br><br> HARRIS COUNTY, UNKNOWN DEPUTY CONSTABLE NO. 1, in his individual capacity, UNKNOWN DEPUTY CONSTABLE NO. 2, in his individual capacity, UNKNOWN DEPUTY CONSTABLE NO. 3, in his individual capacity, CONSTABLE MARK HERMAN, in his individual capacity, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:24-cv-03070 |

## DEFENDANT MARK HERMAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STAY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Mark Herman ("Constable Herman" or "the Constable") files this Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #14] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Constable Herman would respectfully show the Court as follows:

i

# TABLE OF CONTENTS

I. Statement Of The Nature and Stage of Proceedings ................................................................ 1

II. Statement of Facts ................................................................................................................... 1

III. Statement of Issue, Summary Of Argument and Stardard of Review ..................................... 1

IV. Argument and Authorities ........................................................................................................ 5

    A.    Plaintiff's §1983 Individual Capacity Claims against Constable Herman Fail as a Matter of Law ................................................................................................................ 5

    B.    Conclusion. ..................................................................................................................... 10

# TABLE OF AUTHORTIES

Page(s)

Cases

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*,
   300 F.3d 620 (5th Cir. 2001) ........................................................................................... 4

*Arnold v. Williams*,
   979 F.3d 262 (5th Cir. 2020) ........................................................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... passim

*Backe v. LeBlanc*,
   691 F.3d 645 (5th Cir. 2012) ........................................................................................... 5

*Baker v. Putnal*,
   75 F.3d 190 (5th Cir. 1996) ......................................................................................... 7, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................ 2, 3, 4

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) ............................................................................................. 4

*Brown v. Coulston*,
   463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) ............................................................... 5

*Carswell v. Camp,*
  54 F.4th 307 (5th Cir. 2022) ................................................................................ 10
*Casanova v. City of Brookshire,*
  119 F.Supp.2d 639 (S.D. Tex. 2000) .................................................................. 6, 9
*Connick v. Thompson,*
  563 U.S. 551 (2100) ................................................................................................ 8
*Hale v. King,*
  642 F.3d 492 (5th Cir. 2011) .................................................................................. 4
*Jackson v. City of Hearne, Tex.,*
  959 F.3d 194 (5th Cir. 2020) .................................................................................. 5
*Jackson v. Procunier,*
  789 F.2d 307 (5th Cir. 1986) .................................................................................. 2
*Leal v. McHugh,*
  731 F.3d 405 (5th Cir. 2013) .................................................................................. 3
*Montoya v. FedEx Ground Package Sys., Inc.,*
  614 F.3d 145 (5th Cir. 2010) .................................................................................. 3
*Morin v. Caire,*
  77 F.3d 116 (5th Cir. 1996) .................................................................................... 2
*Pena v. City of Rio Grande,*
  879 F.3d 613 (5th Cir. 2018) .................................................................................. 8
*Ramming v. United States,*
  281 F.3d 158 (5th Cir. 2001) .................................................................................. 2
*Reichle v. Howards,*
  566 U.S. 658 (2012) ................................................................................................ 5
*Roberts v. City of Shreveport,*
  397 F.3d 287 (5th Cir. 2005) .................................................................................. 6
*Rojero v. El Paso County,*
  226 F.Supp.3d 768 (W.D. Tex. Apr 28, 2016) ...................................................... 5
*Shaw v. Villanueva,*
  918 F.3d 414 (5th Cir. 2019) .................................................................................. 4
*Taylor v. Books A Million, Inc.,*
  296 F.3d 376 (5th Cir. 2002) .......................................................................... 3, 4, 9
*Thompson v. City of Starkville,*
  901 F.2d 456 (5th Cir. 1990) ............................................................................... 6, 7
*Thompson v. Steele,*
  709 F.2d 381 (5th Cir. 1983) .................................................................................. 6
*Torres v. Bee Cnty Jail,*
  2019 WL 7833969 (S.D. Tex. Dec. 30, 2019) ...................................................... 9
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,*
  336 F.3d 375 (5th Cir. 2003) .................................................................................. 3

*Washington ex rel. J.W. v. Katy Indep. School Dist.*,
 390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) ........................................................... 5

Statutes

42 U.S.C. § 1983 ................................................................................................ 2, 5, 6

Rules

Fed. R. Civ. P. 8(a)(2) .................................................................................................. 2
Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................ i, 2, 4, 5

## I.  STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from an incident involving use of deadly force by unnamed Harris County Precinct Four Constable Deputies on or about August 18, 2022 in Harris County, Texas [Doc. #14]. Plaintiff alleges that the global acts of the County, unnamed Constable Deputies and Constable Herman violated the rights of Aubrey Fontenot, Sr., under the under Amendments Four and Fourteen of U.S. Constitution [*Id*.]. Plaintiff specifically alleges a failure to supervise claim against the Constable. Plaintiff also seeks damages, including punitive damages, against all named defendants.

2. No scheduling order has been entered.

## II.  STATEMENT OF FACTS

3. Mark Herman is Constable for Precinct Four, Harris County Texas. He did not participate in the August 18, 2022 incident and had no direct contact with Aubrey Fontenot, Sr., on that date.

## III. STATEMENT OF ISSUE, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

4. **Statement of Issue.** The issues to be ruled upon by the Court is whether or not Plaintiff has overcome Constable Herman's entitlement to qualified immunity and has failed to state any claim upon which relief can be granted against the Constable.

5.     **Summary of Argument**. Constable Herman respectfully submits that under Rule 12(b)(6), Plaintiff's claims against him must be dismissed with prejudice for failure to state a claim.  He asserts that he is entitled to qualified immunity.  It is clear from the face of Plaintiff's pleadings that all claims must be dismissed as a matter of law because Plaintiff has failed to state a claim against Constable Herman for which relief is available under 42 U.S.C. § 1983. Thus, all of Plaintiff's claims against the Constable should be dismissed as a matter of law.

6.     **Standard of Review.**  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim").  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679.

Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

8. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379

(5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

9. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378.

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiff's §1983 Individual Capacity Claims against Constable Herman Fail as a Matter of Law

10. Constable Herman asserts that he is immune from suit and therefore, not liable because he is cloaked by qualified immunity. Qualified immunity shields the Constable "from civil damages liability unless he violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) (citation omitted); *see also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020).

11. The "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D.

Tex. Jun 5, 2019) (citation omitted). Plaintiff, in this case, has not met the pleading standard necessary to subject the Constable to the burdens of litigation.

12. **No Personal Involvement**. The claims against the Constable fail because Plaintiff did not allege facts that show the Constable had personal involvement in any unconstitutional conduct at issue in this case. Constable Herman had no contact with Plaintiff. "Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each government official defendant, through the <u>official's own individual actions</u>, has violated the Constitution." *Ashcroft*, 556 U.S. at 676 (emphasis added). In other words, a defendant's personal involvement is an essential element of a §1983 claim, which must be pleaded with specific facts and not conclusory allegations. *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Thompson v. City of Starkville*, 901 F.2d 456, 469 n.13 (5th Cir. 1990) (plaintiff invoking §1983 must plead specific facts that, if proved, would overcome the individual defendant's qualified immunity defense as complaints containing conclusory allegations, absent reference to material facts will not survive a motion to dismiss). A supervisory official, like Constable Herman, may only be held liable when he "affirmatively participates in acts which cause a constitutional deprivation, or implements an unconstitutional policy that causally result in the plaintiff's injuries." *Casanova v. City of Brookshire*, 119 F.Supp.2d 639, 660 (S.D. Tex. 2000)

6

(citing *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)).

13. Plaintiff's First Amended Complaint [Doc. #14] is replete with conclusory allegations and bereft of facts supporting liability against the Constable. For example, Plaintiff defies plausibility and specificity and alleges:

> 87. Defendant Herman implemented and/or failed to implement the aforementioned policies, training, and supervision, which were the moving force that caused Mr. Fontenot's constitutional injuries.

14. There are no factual allegations showing personal involvement by the Constable. Plaintiff does not contend that the Constable was called out to the scene where the deadly force encounter occurred; or that the Constable provided direction to any Harris County Precinct Four deputies at that scene. Other than pure conjecture, the pleading is devoid of any facts that establish actual, affirmative personal involvement by Constable Herman in any unconstitutional conduct at the time of Plaintiff's injuries or any events at issue in this lawsuit. Because there are no pleading allegations which evidence that the Constable personally participated in any unconstitutional conduct, Plaintiff's First Amended Complaint fails to meet the standard necessary to support a claim for relief against the Constable and Plaintiff's claims against him should be dismissed as a matter of law. *See Thompson*, 901 F.2d at 469 n.13.

15. **No Implementation of Any Unconstitutional Policy.** Plaintiff's First Amended Complaint lacks factual allegations that Constable Herman implemented any unconstitutional policy which caused Plaintiff's constitutional deprivation [Doc. #14]. Other than pure speculation about an alleged law enforcement patterns, practices, customs and/or procedures of excessive force, which the Constable denies, Plaintiff's pleadings fail to identify any specific policy that allegedly caused a violation of Aubrey Fontenot, Sr.'s constitutional rights and fail to establish a factual basis for a custom of violating citizen's constitutional rights that the Constable should have been aware of that caused Plaintiff's injuries [*Id*]. The "description of a policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande*, 879 F.3d 613, 622 (5th Cir. 2018) (citation omitted). In short, Plaintiff's unsubstantiated assertions, improbable inferences and unsupported speculation are not sufficient to overcome the Constable's qualified immunity defense. Surviving a motion to dismiss requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Accordingly, Plaintiff has failed to state a claim against the Constable for which relief can be granted and his claims against Constable Herman should be dismissed as a matter of law.

16. **Failure to Train and Supervise Claims.** "A municipality's culpability for a deprivation of rights is at its most tenuous were a claim tuns on a failure to train.

*Connick v. Thompson*, 563 U.S. 551, 61 (2100). A supervisor may only be held liable when he "affirmatively participates in acts which cause a constitutional deprivation or implements an unconstitutional policy that causally result in the plaintiff's injuries." *Casanova*, 119 F.Supp.2d at 660 (citing *Baker*, 75 F.3d at 199). "Mere knowledge and acquiescence on a supervisor's part are insufficient to create supervisor liability under §1983." *Torres v. Bee Cnty Jail*, 2019 WL 7833969 *4 (S.D. Tex. Dec. 30, 2019) (citing *Ashcroft*, 556 U.S. at 677).

17. As stated above, Plaintiff has failed to allege any facts which show the Constable had personal involvement in any alleged unconstitutional conduct at issue in this case. Nor has Plaintiff pled any facts that the Constable implemented any unconstitutional policy which caused Plaintiff's alleged constitutional deprivation [*Id*.]. Plaintiff only makes unsubstantiated, conclusory allegations and questionable inferences that Constable failed to train or supervise and nothing more. In short, Plaintiff merely *identified* a theory of liability, but failed to allege facts that plausibly state a claim for relief against Constable Herman. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378. Plaintiff, therefore, has not met the pleading standard necessary to subject the Constable to the burdens of litigation, and such claims must be dismissed as a matter of law.

18. **Motion to Stay Discovery**. Constable Herman has raised qualified immunity as an affirmative defense; discovery cannot be permitted against her before this Court rules on the pending motion for dismissal. *See Carswell v. Camp,* 54 F.4th 307 (5th Cir. 2022); he therefore, respectfully moves this Court to stay all discovery until her assertion of immunity is resolved.

B. **Conclusion.**

19. For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Constable Herman. Plaintiff has not overcome the Constable's entitlement to qualified immunity. Accordingly, the Constable Herman is entitled to dismissal of Plaintiff's claims against him as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant MARK HERMAN requests that the Court grant his motion and enter an order dismissing Plaintiff's claims against him with prejudice, staying discovery, and award the Constable his costs and attorneys' fees and grant all other relief to which this defendant is entitled.

Date: November 1, 2024.     Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,

Defensive Litigation, Employment, &
Real
Estate Divisions

By: <u>*/s/ James C. Butt*</u>
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone: (713) 274-5133 (direct)
james.butt@harriscountytx.gov
**CHARLES SHAW**
Assistant County Attorney
ATTORNEY-TO BE NOTICED
State Bar No. 24085951
Fed. Bar No. 3193599
Tel: (713) 274-3068 (direct)
charles.shaw@harriscountytx.gov

**Office of The Harris County Attorney**
1019 Congress
Houston, Texas 77002
Phone: (713) 274-5133 (direct)

**ATTORNEYS FOR DEFENDANT
MARK HERMAN**

## CERTIFICATE OF CONFERENCE

I certify that on October 31, 2024, I conferred with Mr. Tannous, attorney for Plaintiff on the relief sought in this motion. It is understood Plaintiff opposes the motion in its entirety.

<u>*/s/ Jim Butt*</u>
James C. Butt

11

# **CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all counsel.


                                          */s/James C. Butt*
                                          James C. Butt